## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROBERT ARAGON; DAVID ANTHONY
SEGURA; ZACHARY FORT; RICHARD
KENNEDY; ROSE'S GUNS & MORE, LLC, a
limited liability company; SOUTHWEST
GUNSMITH TECHNOLOGIES, LLC, a limited
liability company; NEW MEXICO SHOOTING
SPORTS ASSOCIATION, a nonprofit
corporation; NATIONAL RIFLE
ASSOCIATION OF AMERICA, a nonprofit
corporation; SECOND AMENDMENT
FOUNDATION, a nonprofit corporation; and
FIREARMS POLICY COALITION, INC., a
nonprofit corporation,

       Plaintiffs,

  vs.

MICHELLE LUJAN GRISHAM, Governor of
New Mexico, in her official capacity; NEW
MEXICO DEPARTMENT OF HEALTH; and
KATHYLEEN KUNKEL, Secretary for the
New Mexico Department of Health, in her
official capacity; J. Does 1-10,

       Defendants.

Civil No. 20-cv-325 MV-JHR

## ORDER

THIS MATTER comes before the Court on Plaintiffs' Motion for a Temporary Restraining Order and/or Preliminary Injunction [Doc. 11]. Plaintiffs' Motion does not provide any basis for this Court to grant emergency relief on an ex parte basis. Plaintiffs' request for a temporary restraining order requires it to show that four conditions are met: (1) irreparable harm if the injunction is not granted; (2) a substantial likelihood that Plaintiff will prevail on the merits; (3) the threatened injury outweighs possible harm to Defendant if the injunction is granted; and (4) the injunction would not be contrary to the public interest. *Thomas v. Carson*,

30 F. App'x 770, 772, 2002 WL 123702, **1 (10th Cir. Jan. 31, 2002).  Further, Rule 65(b) of the Federal Rules of Civil Procedure allows a temporary restraining order to be issued ex parte only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the petitioners' "attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b).  The Court does not find that the evidence submitted in support of Plaintiffs' motion establishes that irreparable harm will result if their motion is not granted on an ex parte basis.  The Court, however, will order an expedited briefing schedule on Plaintiffs' motion, as requested by Plaintiffs.

IT IS THEREFORE ORDERED that a copy of this Order, together with Plaintiff's Motion [Doc. 11], Plaintiffs' Brief in Support of their Motion For Temporary Restraining Order and/or Preliminary Injunction [Doc. 12], and Plaintiff's Complaint for Declaratory and Injunctive Relief [Doc. 1], be served upon Defendants by Plaintiff no later than 5:00 p.m. on April 17, 2020.  Proof of any service done pursuant to this Order shall be filed with the Clerk as soon as practicable.  If Defendants oppose the Motion, such opposition shall be made in writing and filed with the Court and served on Plaintiff no later than April 27, 2020.  Plaintiff's reply, if any, shall be filed with the Court and served on Defendants no later than May 1, 2020.  The Court will set a hearing on this matter if it finds that a hearing is necessary.

DATED this 17th day of April, 2020.

_____
MARTHA VAZQUEZ
United States District Judge